UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Gerald R. Bodiford,** | ) | **CASE NO. 1:23 CV 1191** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Ms. Krause,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

*Pro se* Plaintiff Gerald R. Bodiford, a prisoner in the Grafton Reintegration Center ("GRC"), brings this action under 42 U.S.C. § 1983 against GRC Unit Manager Ms. Krause, GRC Corrections Officer Lewissr, and GRC Warden Keith Foley. He alleges Officer Lewissr harassed him at his prison job assignment and Ms. Krause subjected him to a strip search in her presence, in violation of his Fourth Amendment rights. He seeks monetary damages.

On August 31, 2023, Plaintiff filed a Motion for Leave to Amend his Complaint seeking to add exhibits (Doc. No. 5). The Court granted that motion on September 5, 2023.

## BACKGROUND

Plaintiff alleges that he was assigned to work in the prison barbershop. He claims that on May 15, 2023, Lewissr entered the shop and ordered a number of inmates who were waiting for haircuts to leave the area. Plaintiff indicates that Lewissr stated, "I do not want you all hanging out inside of the barbershop when there are no correctional officers present in the vicinity."

(Doc. 1-2 at PageID #: 14). Plaintiff claims Lewissr made homophobic comments and indicated that he did not care for homosexuals to be left alone in any one place. Plaintiff stated that he had never behaved disrespectfully toward Lewissr and Lewissr replied that he was disrespectful just by being himself. Plaintiff then referred to Lewissr in derogatory terms. At that point, Lewissr placed Plaintiff in handcuffs and pressed his "man down" button which summoned additional corrections officers to the scene. Plaintiff was taken to segregation. When he was released from segregation, Plaintiff discovered that another inmate had been assigned to work in his place at the barbershop.

Plaintiff also alleges that Krause and two corrections officers singled him out in his sleeping cubicle and subjected him to a strip search. He alleges he is not supposed to be strip searched in front of female corrections officers or correctional support staff. He contends Krause told him he dressed inappropriately because his shorts were above his knee. Plaintiff alleges that many other inmates wear their shorts above the knee and are not searched. He claims she confiscated his shorts and underwear, which he ordered from the institutional catalog. He contends she confiscated the shorts he was wearing, even after he informed her that he was not wearing underwear because they were all in the wash. He contends the search was unreasonable in violation of the Fourth Amendment. He also contends that he was subjected to gender discrimination and harassment on the basis of his sexual orientation.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon

which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

As an initial matter, Plaintiff does not allege any facts pertaining to Warden Keith Foley and no claims appear to be relevant to him. Plaintiff submitted exhibits with his Motion to Amend his Complaint which indicated he sent communication "kites" to the Warden regarding personal property he had lost when he was sent to segregation. He does not indicate what

response, if any, he received from his kites. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Receiving a communication is not the same as actively participating in the conduct giving rise to the cause of action. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999). Warden Foley is dismissed as a defendant in this action.

The only claim Plaintiff specifically identifies in his Complaint is asserted against Krause for violation of his Fourth Amendment rights. He alleges she ordered and participated in a strip search. The Supreme Court has recognized that "convicted prisoners ... retain some Fourth Amendment rights upon commitment to a corrections facility." *Bell v. Wolfish*, 441 U.S. 520, 558 59 (1979). A strip search complies with the requirements of the Fourth Amendment so long as it is reasonable. *Id.* at 559. There is no precise test for reasonableness under the Fourth Amendment. *Id.* In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. *Id.* Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.. *Id.*

The question presented to the Court is whether the strip search conducted by Krause and other corrections officers was reasonable. Plaintiff asserts in his Complaint that he was forced to strip down in front of Krause, a member of the opposite gender. However, in the attachments he submitted with his Motion to Amend his Complaint, he refers to himself as a "trans-gender woman." (Doc. No. 5-1 at 1-2). A strip search that forces a prisoner to expose himself to

members of the opposite sex may be considered unreasonable and could provide the basis of a claim on which relief could be granted. *Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004); *Cornwell v. Dahlberg*, 963 F.2d 912, 916-17 (6th Cir. 1992) ("[A] convicted prisoner maintains some reasonable expectations of privacy while in prison, particularly where those claims are related to forced exposure to strangers of the opposite sex, even though those privacy rights may be less than those enjoyed by non-prisoners."). A transgender woman is a woman who was assigned male at birth. wikipedia.org. While Plaintiff's exhibits refer to himself as a transgender woman, the exhibits also state that the staff is "homophobic" and "accosted myself and other gay male prisoners." (Doc. No. 5-1 at 1-2). The Court assumes that if Plaintiff were female, he would not be housed with male prisoners. Therefore, to the extent Plaintiff is referring to himself as a biological male and asserting the search was conducted by a female officer, he may have stated a plausible claim for relief against Krause that avoids summary dismissal under 28 U.S.C. § 1915(e).

Finally, Plaintiff does not identify a particular cause of action against Lewissr. He claims Lewissr harassed him because he is gay. It is possible Plaintiff is intending to assert claims under either the Eighth Amendment or the Fourteenth Amendment Equal Protection clause. In either case, Plaintiff fails to state a claim upon which relief may be granted. Verbal harassment and offensive comments are generally not cognizable as constitutional deprivations. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). They do not rise to the level of an Eighth Amendment violation. Moreover, to state a claim for denial of equal protection, Plaintiff must allege he was treated differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-682 (6th Cir. 2011);

*Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). Plaintiff alleges that Lewissr ordered other inmates to leave the barbershop. Plaintiff, however, was not ordered to leave at that time. He cannot base his claim on actions taken against other inmates. Moreover, he does not allege facts suggesting other inmates were allowed to congregate where corrections officers were not present. Plaintiff alleges he was removed to segregation after he verbally challenged the corrections officer's order and insulted him. The allegations do not suggest Plaintiff was treated differently than other inmates who engage in verbal altercations with corrections officers. Defendant Lewissr is also dismissed from this action.

Accordingly, Plaintiff's claims against Warden Keith Foley and Corrections Officer Lewissr are dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case shall proceed solely on Plaintiff's Fourth Amendment claim against Ms. Krause. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan

Dated: 9/25/23

PATRICIA A. GAUGHAN
United States District Judge