UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Gerald R. Bodiford,** | ) | **CASE NO. 1:23 CV 1191** |
| | ) | |
| | ) | **JUDGE PATRICIA A. GAUGHAN** |
| **Plaintiff** | ) | |
| vs. | ) | |
| | ) | |
| **Ms. Krause,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| **Defendants.** | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion for Summary Judgment on Exhaustion. (Doc. 15). The Complaint alleges that plaintiff was subjected to an illegal prisoner strip search. For the following reasons, the motion is UNOPPOSED and GRANTED.

**Facts**

*Pro se* plaintiff Gerald R. Bodiford, a prisoner in the Grafton Reintegration Center ("GRC"), filed this Complaint pursuant to 42 U.S.C. § 1983 against defendants GRC Unit Manager Ms. Krause, GRC Corrections Officer Lewissr, and GRC Warden Keith Foley. By

1

prior Memorandum of Opinion and Order, this Court dismissed defendants Warden Foley and Corrections Officer Lewissr. (Doc. 6). Accordingly, only defendant Krause remains. The Complaint alleges the following pertaining to defendant Krause.

Krause "let it be known that she did not like gay people whatsoever." While plaintiff alleges that the staff "accosted myself and other gay male prisoners," he also refers to himself as a transgender woman. On May 30, 2023, Krause singled plaintiff out in his sleeping cubicle and subjected him to a strip search in front of herself and two corrections officers. Plaintiff is not supposed to be strip searched in front of female corrections officers or correctional support staff. Plaintiff also contends Krause told him he dressed inappropriately because his shorts were above his knees, although many other inmates wear their shorts above the knee and are not searched. Plaintiff claims Krause inappropriately confiscated his shorts and underwear.

The sole remaining claim alleges that the search conducted by Krause was unreasonable in violation of the Fourth Amendment.

This matter is now before the Court upon defendant's Motion for Summary Judgment on Exhaustion.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial

2

> responsibility of informing the district court of the basis for its
> motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with affidavits," if any, which it believes demonstrates
> the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

Defendant argues that plaintiff failed to exhaust his administrative remedies prior to filing the Complaint. For the following reasons, this Court agrees.

"Under the PLRA [Prison Litigation Reform Act], a prisoner may not sue to vindicate his constitutional rights under 42 U.S.C. § 1983 unless he has first exhausted the administrative remedies available to him." *Richards v. Perttu*, 96 F.4th 911, 916 (6th Cir. 2024). The exhaustion requirement "requires proper exhaustion, which means using all steps that the agency holds out, and doing so properly." *Id.* (internal quotation marks and citations omitted). "The exhaustion requirement is mandatory, but not jurisdictional." *Id.* (citing *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015)). "Rather, the failure to satisfy the exhaustion requirement is an affirmative defense, which requires prison officials to plead and prove that the prisoner failed to exhaust the available administrative remedies." *Id.* (citations omitted).

Relying on the declaration of Emma Collins, Assistant Chief Inspector with the Ohio Department of Rehabilitation and Corrections, defendant sets forth the applicable administrative steps:

> Ohio's prison grievance system involves a three-step process: (1) filing of an Informal Complaint Resolution (ICR); (2) a Notification of Grievance (NOG); and (3) an appeal to the Office of the Chief Inspector (Appeal). Ohio Admin. Code § 5120-9-31(J)(1)-(3). First, within fourteen days of the event giving rise to the complaint, an ICR must be sent to "the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." Ohio Adm. Code 5120-9- 31(J)(1). If the matter is not resolved, then the inmate can escalate the grievance within fourteen days with an NOG to the inspector of institutional services. Ohio Adm. Code 5120-9-31(J)(2). Lastly, an Appeal may be filed within fourteen days to the office of the Chief Inspector. Ohio Adm. Code 5120-9- 31(J)(3).

Collins states that while plaintiff filed an ICR regarding the May 30, 2023 incident involving

defendant Krause, he submitted the ICR on July 11, 2023, well past the required 14 day period for submitting it. As such, the ICR was "auto-closed" by the system. (Collins decl.). There is no evidence that plaintiff further pursued the ICR.

Because plaintiff failed to successfully exhaust the available administrative remedies regarding the May 30, 2023 incident, the Complaint must be dismissed for failure to exhaust.

**Conclusion**

For the foregoing reasons, defendant's Motion for Summary Judgment on Exhaustion is unopposed and granted.

IT IS SO ORDERED.

Dated: 5/21/24

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge